IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY TAYLOR, Inmate #B-17010,    )
                                  )
                Plaintiff,        )
                                  )
vs.                               )    CIVIL NO. 08-610-GPM
                                  )
JARED BLESSING, *et al.*,         )
                                  )
                Defendants.       )

# MEMORANDUM AND ORDER

**MURPHY, District Judge**:

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 9).

In a Memorandum and Order dated October 20, 2008, this Court denied Plaintiff's motion to proceed *in forma pauperis* after concluding that Plaintiff had previously accumulated "3 strikes." *See* 28 U.S.C. § 1915(g). This Court further concluded that Plaintiff had not sufficiently alleged facts indicating that he was "under imminent danger of serious physical injury" at the time he filed the complaint, a situation that would allow Plaintiff to proceed *in forma pauperis* despite his "3 strikes." *Id*. Plaintiff has filed a motion for reconsideration (Doc. 9), claiming that his complaint sufficiently alleges that he was "under imminent danger of serious physical injury" at the time he filed the complaint and, therefore, requesting that this Court vacate its prior order and grant his motion to proceed *in forma pauperis*. Also pending is Plaintiff's motion for disposition of his request for a temporary restraining order that was filed as part of the complaint (Doc. 7).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district

court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of the order,[1] whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008), *quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In this case, Plaintiff contends that this Court made a mistake in law by concluding that his complaint failed to sufficiently allege that Plaintiff was "under imminent danger of serious physical injury." Therefore, the Court will analyze the motion to reconsider under Rule 59(e).

Upon review of the record, the Court remains persuaded that its ruling denying *in forma pauperis* status was correct. As recounted in the Court's prior order, Plaintiff alleges in the complaint that from January 13, 2008, through August 24, 2008 – a time period of 255 days – Defendant Blessing was assigned to serve Plaintiff his breakfast tray 14 times. On these 14 sporadic

---

[1]The prison "mailbox rule" applies to motions filed under Rule 59(e) of the Federal Rules of Civil Procedure. *See Edwards v. United States*, 266 F.3d 756, 758-59 (7th Cir. 2001).

occasions, Blessing allegedly either took items off Plaintiff's breakfast tray or put foreign objects (*e.g.*, hair or spit) into Plaintiff's breakfast. On those 14 days, it appears that Plaintiff received his lunch and dinner trays without incident.

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999); *see generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ( it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (finding failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned … of sufficient food to maintain normal health"); *Robbins v. South*, 595 F. Supp. 785, 789 (D. Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and

unusual punishment).

Plaintiff here missed 14 meals over an eight month period. He has not alleged any permanent harm to his health from missing these meals. Thus, looking *backwards* at these allegations, the Court notes that the complaint would not allege a violation of Plaintiff's Eighth Amendment rights. While § 1915(g) requires the Court to look *forward* into the immediate future to determine whether Plaintiff is "under imminent danger of serious physical injury," it stands to reason that if these allegations do not state an Eighth Amendment claim, then the continuation of these alleged practices into the future does not satisfy the "imminent danger" exception of § 1915(g) because these alleged acts simply are not severe enough.

In addition to 14 missed or adulterated meals, Plaintiff alleges that on two separate occasions he was placed on "controlled feeding status" – the first time for three straight days; the second time for six straight days. While on "controlled feeding status," Plaintiff was not totally deprived of food, but instead, as alleged in the complaint, was served "mealoaf." The use of this type of food is not unfamiliar to the Courts. *See LeMaire v. Maas*, 12 F.3d 1444, 1455-56 (9th Cir. 1993). A diet consisting of "mealoaf" for six days does not rise to the level of an Eighth Amendment violation. *Id*. Again, if these allegations do not state an Eighth Amendment claim when looked at after-the-fact, then the future prospect of being placed on a "mealoaf" diet for up to six days does not indicate that Plaintiff is under "imminent danger of serious physical injury" for purposes of § 1915(g).

For these reasons, Plaintiff's motion for reconsideration (Doc. 9) is **DENIED**. Likewise, the motion for disposition of the request for a temporary restraining order (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order. Plaintiff is

**ADVISED** that the filing of additional pleadings or motions shall not delay or suspend his obligation to pay the full filing fee as required by this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this action will be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED**.

DATED: 02/19/09

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge